# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ROBERT STEWART, II, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY CORRECTIONAL CARE, et al., <br><br> Defendants. | CAUSE NO. 4:19-CV-108-TLS-APR |

## OPINION AND ORDER

Robert Stewart, II, a prisoner without a lawyer confined at the Tippecanoe County Jail, filed a Complaint because he believes he has received constitutionally inadequate medical care for his hernia. Stewart has sued the Tippecanoe County Sheriff's Department Jail Division, Sheriff Bob Goldsmith, Quality Correctional Care, and Dr. Michael Persons. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In August of 2018, Stewart arrived at the Tippecanoe County Jail, and medical staff diagnosed him with a double hernia. He was provided with a bottom bunk restriction and ibuprofen for a week. Stewart returned to the jail on January 24, 2019, but he was not provided with a bottom bunk pass. His hernia worsened and was causing him considerably more pain than

it did in August of 2018. He requested medical care, and he was seen by Dr. Persons in March of 2019. Dr. Persons provided Stewart with a hernia belt and seven days of ibuprofen to relieve pain. The next month, there was a shakedown, and during that shakedown, the hernia belt was confiscated as contraband because there were no notes authorizing Stewart to have it.

In May of 2019, Stewart submitted several medical requests due to continual pain in his abdomen. He was seen by nursing staff on multiple occasions, but he was simply told to purchase aspirin or ibuprofen from the commissary.

In July, Stewart saw Dr. Persons again. Dr. Persons asked Stewart about the hernia belt, and Stewart explained that jail staff removed it during a shakedown. Dr. Persons responded by stating, "since they won't allow [a] hernia belt we will get them to fix your hernia. I am recommending a surgical consult." ECF No. 1 at 4.

In August, the pain continued to worsen. At the end of August, he had an appointment with a surgeon at Unity Health Care, and he was told that the surgery would be scheduled with the jail staff. In September and October, Stewart continued to fill out requests for medical care indicating that he was in severe pain. As of the time he filed his Complaint, the surgery had not yet been performed.

As an initial matter, Stewart sued Quality Correctional Care, a private company that provides medical care at the jail. "Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)). However, "[a] municipality may not be held liable under § 1983 based on a theory of respondeat superior or vicarious liability." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Because Stewart's Complaint only describes the actions—or inaction—of

the medical staff in connection with his own treatment, he may not proceed against Quality Correctional Care.

Stewart also sued Dr. Persons for providing constitutionally inadequate medical treatment. The Eighth Amendment applies to convicted persons, while the Fourteenth Amendment applies to pretrial detainees. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Stewart, however, does not indicate whether he is a pre-trial detainee or whether he was serving a sentence following a conviction. A search of the Tippecanoe County Jail's inmate list, however, suggests that his charges remain pending. http://www3.tippecanoe.in.gov/InmateListing/InmateDetails.aspx?Booking_ID=149341 (last viewed November 19, 2019). Accordingly, for purposes of this screening order, the Court will analyze Stewart's claims pursuant to the less onerous Fourteenth Amendment standard. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017).

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id*. (quoting *Bell*, 441 U.S. at 538–39). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S.—, —, 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 561). The Seventh Circuit has held that

"medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda*, 900 F.3d at 352.

Here, when Dr. Persons initially saw Stewart, he prescribed a hernia belt and ibuprofen. When Dr. Persons learned that the jail staff had confiscated the hernia belt, he recommended that Stewart consult with a surgeon—a recommendation that was carried out the next month. The surgeon recommended that Stewart undergo a surgery, although that surgery has not yet taken place. While Stewart remains in pain and submitted numerous additional healthcare requests, it is unclear whether Dr. Persons is aware of those requests. In short, Stewart has not alleged facts that, taken as true, suggest that Dr. Persons was objectively unreasonable in his treatment of Stewart. Accordingly, Stewart cannot proceed against Dr. Persons.

Additionally, Stewart sued Sheriff Goldsmith, but Stewart has not alleged facts suggesting that Sheriff Goldsmith was personally involved in decisions regarding Stewart's medical care. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Furthermore, non-medical staff rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Id.* at 595. Sheriff Goldsmith was entitled to rely on the judgment of the medical staff at the prison to decide what specific treatment was appropriate for Stewart. Thus, Stewart has not stated a claim against Sheriff Goldsmith in his individual capacity for monetary damages.

It is, however, the Sheriff of Tippecanoe County who has both the authority and the responsibility of ensuring that Stewart receives adequate medical treatment while he is an inmate

at the Tippecanoe County Jail. *See e.g.*, *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Stewart may proceed against Sheriff Goldsmith in his official capacity to the extent he seeks injunctive relief. That said, the specific injunctive relief Stewart requests—namely, to have the recommended surgery performed—may not be ordered even if it is ultimately determined that his current treatment is inadequate. While it is true that Stewart must be provided with constitutionally adequate medical care, there may be several ways of doing so that do not involve surgery. Simply put, Stewart cannot dictate how such medical care is provided. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (noting that the Prison Litigation Reform Act mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right" (internal quotation marks, brackets, and citations omitted))); *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (explaining that inmates are neither "entitled to demand specific care [nor] entitled to the best care possible"). Therefore, injunctive relief—if granted—would be limited to requiring that Sheriff Goldsmith ensure Stewart receives medical treatment for his hernia to the extent required by the Constitution.

As a final matter, Stewart sued the Tippecanoe County Sheriff's Department Jail Division. However, he has already been granted leave to proceed against Sheriff Goldsmith in his official capacity for injunctive relief, and "§ 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department." *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998). Allowing Stewart to proceed against the Tippecanoe County Sheriff's Department Jail Division would be duplicative; therefore, Tippecanoe County Sheriff's Department Jail Division will be dismissed.

For these reasons, the Court:

(1) GRANTS Robert Stewart, II, leave to proceed against Sheriff Bob Goldsmith in his official capacity for injunctive relief to provide Robert Stewart with adequate medical care for his hernia, as required by the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Defendants Tippecanoe County Sheriff's Department Jail Division, Quality Correctional Care, and Dr. Michael Persons;

(4) DIRECTS the Clerk of Court to issue a summons addressed to Sheriff Bob Goldsmith;

(5) DIRECTS the United States Marshals Service to issue and serve process on Sheriff Bob Goldsmith by certified mail **no later than November 22, 2019**, at the Tippecanoe County Sheriff's Department with a copy of this order and the Complaint, pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sheriff Bob Goldsmith respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order;

(7) ORDERS Sheriff Bob Goldsmith to file a declaration in response to Robert Stewart, II's request for a preliminary injunction along with his answer; and

(8) ORDERS Robert Stewart, II to file a reply to Sheriff Bob Goldsmith's declaration, if any, within fourteen days of receiving the declaration.

SO ORDERED on November 20, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT