# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ROBERT STEWART, II, | |
| Plaintiff, | |
| v. | CAUSE NO. 4:19-CV-108-TLS-APR |
| QUALITY CORRECTIONAL CARE, et al., | |
| Defendants. | |

## OPINION AND ORDER

Robert Stewart, II, a prisoner without a lawyer, filed a complaint alleging that he was not receiving constitutionally adequate medical care for his hernias while incarcerated at the Tippecanoe County Jail. He was granted leave to proceed against Sheriff Bob Goldsmith in his official capacity for injunctive relief to provide Robert Stewart with adequate medical care for his hernia, as required by the Fourteenth Amendment. Stewart's complaint sought a preliminary injunction, and this Court directed Sheriff Bob Goldsmith to respond and Stewart to reply to the request for an injunction. The request for injunctive relief is now fully briefed and ripe for adjudication.

In screening Stewart's Complaint, it was unclear whether he was a pre-trial detainee or a convicted inmate. This Court gave Stewart the benefit of the doubt and applied the less onerous standard of the Fourteenth Amendment, which was to Stewart's benefit. He now indicates that he is in fact serving a sentence following a conviction. Therefore, the Eighth Amendment is applicable rather than the Fourteenth Amendment, and the screening order will be amended accordingly.

Turning to the request for injunctive relief, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). It is true that every inmate is entitled to receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, before an inmate can obtain injunctive relief, he must make a clear showing that the medical care he is receiving violates the Eighth Amendment prohibition on cruel and unusual punishment. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

According to Stewart's Complaint, he was diagnosed with a double hernia in August 2018 by medical staff at the Tippecanoe County Jail. He was provided with a bottom bunk restriction and ibuprofen for a week. Stewart subsequently returned to the jail in January 2019, but he was not provided with a bottom bunk pass. His hernia worsened and was causing more pain than in August 2018. In response to a request for medical care, Dr. Persons saw Stewart in March 2019. Dr. Persons provided Stewart with a hernia belt and seven days of ibuprofen to

relieve pain. The next month, there was a shakedown, and during that shakedown, the hernia belt was confiscated as contraband because there were no notes authorizing Stewart to have it.

In May 2019, Stewart was having abdominal pain and submitted several medical requests. He was seen by nursing staff on multiple occasions, but he was simply told to purchase aspirin or ibuprofen from the commissary. In July, Stewart saw Dr. Persons again. Dr. Persons asked Stewart about the hernia belt, and Stewart explained that jail staff removed it during a shakedown. Dr. Persons responded by stating, "since they won't allow [a] hernia belt we will get them to fix your hernia. I am recommending a surgical consult." (ECF 1 at 4.)

His pain continued to worsen. He reports that, at the end of August, he had an appointment with a surgeon at Unity Health Care, and he was told that the surgery would be scheduled with the jail staff. In September and October, Stewart continued to fill out requests for medical care indicating that he was in severe pain. As of the time he filed his complaint, the surgery had not yet been performed.

According to Stewart's medical records, on November 6, 2019, just days before his Complaint was received by the Clerk of this Court, his abdominal hernia and inguinal hernia were evaluated by a member of Quality Correctional Care's medical staff.[1] (ECF 14-3 at 4.) Notes from this visit indicate he had a pinball sized reducible abdominal hernia and a baseball sized reducible inguinal hernia. (*Id.*) The notes further indicate that he was diagnosed with these hernias in 2014, but his pain had increased in the prior three to four weeks. (*Id.*) The notes also show that he consulted with a surgeon on September 29, 2019,[2] but the surgeon determined that

---

[1] The signature is not legible, but it appears that he was evaluated by a nurse on this date.

[2] While the notes from the November 6, 2019 visit indicated that this consult occurred on September 29, 2019 (ECF 14-3 at 4), Stewart indicates that the consult occurred in August (ECF 1 at 4), and notes from November 7, 2019 (ECF 14-3 at 6), indicate that the consult occurred on September 9, 2019. This discrepancy is not material to the outcome of the instant request for a preliminary injunction.

3

Stewart's condition was non-emergent and therefore surgery would not be performed. Instead, he was to follow up as needed. (*Id.*) He was provided with a hernia belt. (*Id.* at 5.)

Here, Stewart seeks an order directing surgery be performed to repair his hernias. The Court has already explained that the Court's order granting an injunction, if any, would be limited to an order that Stewart receive medical treatment for his hernias to the extent required by the Constitution. "[T]he Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

While Stewart insists that he has received inadequate care for his hernias, the medical records described above show that Stewart's condition has been assessed by both the jail's medical staff and an outside surgeon, and that a conclusion was made that surgery was not necessary at this time. He has instead been provided with a hernia belt and directed to take Tylenol as needed. While Stewart would have preferred that the surgery be performed, the Constitution does not require that Stewart receive the treatment of his choice or even proper treatment—only treatment that reflects professional judgment. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) ("[M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards.") (internal quotation marks and citation omitted). The record suggests that he received treatment reflecting professional judgment, even if medical professionals could disagree about the best treatment option. Given the history of treatment,

should Stewart require additional care for his hernias, there is nothing in the record suggesting that an injunction is necessary to ensure he receives that care. In short, Stewart has failed to show a likelihood of success on the merits of his claim for preliminary injunctive relief.

For these reasons, the Court:

(1) AMENDS the Court's screening order [ECF No. 4] to reflect that Robert Stewart, II is granted leave to proceed against Sheriff Bob Goldsmith in his official capacity for injunctive relief to provide Robert Stewart with adequate medical care for his hernias, as required by the Eighth Amendment; and

(2) DENIES Robert Stewart, II's request for a preliminary injunction contained in his complaint [ECF No. 1].

SO ORDERED on December 20, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT