# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ROBERT STEWART, II, | |
| Plaintiff, | |
| v. | CAUSE NO. 4:19-CV-108-TLS-APR |
| BOB GOLDSMITH, | |
| Defendant. | |

## OPINION AND ORDER

Robert Stewart, II, a prisoner without a lawyer, is proceeding on a single claim against Sheriff Bob Goldsmith in his official capacity for injunctive relief to provide Robert Stewart with adequate medical care for his hernias, as required by the Eighth Amendment. In his complaint, Stewart argued that he needed surgery to repair two hernias. ECF No. 1. His hernias have now been surgically repaired. ECF No. 26-1. Because Stewart has received all of the relief he is entitled to on the claim for which he was granted leave to proceed, Sheriff Goldsmith moved to dismiss this case as moot. ECF No. 26. In response, Stewart asserts that this case is now about more than simply receiving the necessary surgery—he believes he should also receive compensatory and punitive damages. ECF No. 27. Stewart, however, was *only* granted leave to proceed against Sheriff Goldsmith in his official capacity for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Stewart was not granted leave to proceed against Sheriff Goldsmith in his individual capacity for monetary damages because he was not personally involved in denying Stewart constitutionally adequate medical care. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the

violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Here, Stewart has received exactly what he asked for without court intervention. Accordingly, the motion to dismiss is well-founded and must be granted.

Additionally, Stewart has sought appointment of counsel [ECF No. 23] and has filed a summary judgment motion [ECF No. 25]. His summary judgment motion addresses exhaustion of administrative remedies. Because the only claim that Stewart is proceeding on is now moot, it is not necessary to address the issue of exhaustion of administrative remedies. Furthermore, because dismissal is clearly appropriate on the basis set forth in Sheriff Goldsmith's motion, appointment of counsel is unnecessary; it could not alter the outcome of this case.[1]

For these reasons, the Court:

(1) DENIES Robert Stewart, II's motion for summary judgment [ECF No. 25];

(2) DENIES Robert Stewart, II's motion for appointment of counsel [ECF No. 23];

(3) GRANTS Sheriff Bob Goldsmith's motion to dismiss [ECF No. 26]; and

(4) ORDERS that this case is DISMISSED as MOOT.

SO ORDERED on February 21, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Furthermore, despite Stewart's lack of formal education, the record before the court suggests that, given the difficulty of this case, he is competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).